IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-353-FL

| | |
|---|---|
| KAREN A. BATTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WAKE COUNTY SHERIFF'S OFFICE, | )   ORDER |
| WILLIE ROWE in his official capacity as | ) |
| SHERIFF OF WAKE COUNTY, and | ) |
| UNKNOWN SURETY COMPANY, as | ) |
| surety, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court upon defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (DE 16). For the following reasons, the motion is granted in part and denied in part.

## STATEMENT OF THE CASE

Plaintiff commenced this action June 24, 2024, asserting three claims: 1) sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., ("Title VII"); 2) intentional infliction of emotional distress under North Carolina law; and 3) violation of the Equal Protection Clause under 42 U.S.C. § 1983. Plaintiff seeks compensatory damages, and attorneys' fees and costs.

Defendants filed the instant motion to dismiss two of plaintiff's three claims for failure to state a claim upon which relief can be granted, on September 18, 2024. In particular, defendants seek to "dismiss this action in its entirety as to defendant denominated by plaintiff as 'Wake

County Sheriff's Office' and to dismiss Counts II and II [sic] against defendant Willie Rowe, in his official capacity as Sheriff of Wake County[.]" (Defs' Mot. (DE 16) at 1).[1] Plaintiff responded in opposition.

## STATEMENT OF FACTS

The facts alleged in the complaint are as follows. Plaintiff is a white female who resided in Raleigh, North Carolina, and who began working for the Wake County Sheriff's Office in 1997. (Compl. (DE 1) ¶¶ 1, 14). Gerald Baker ("Baker") was the sheriff of Wake County from December 2018 through December 2022. (Id. ¶ 3). Defendant Willie Rowe currently holds that office. (Id. ¶ 2).

The Wake County Sheriff's Office employed plaintiff beginning in August 1997, and she received successive promotions eventually to the level of major. (Id. ¶ 14–15). Plaintiff was the first female major in office history to be assigned to Patrol Division. (Id. ¶ 16).

At an unspecified time, Baker "became upset" with a female deputy for allowing the Raleigh Police Department to assist on a call, despite the absence of any jurisdictional conflict. (Id. ¶¶ 18–19). Baker ordered plaintiff to transfer the deputy "to the evidence room" as a form of punishment. (Id. ¶ 20). Baker demoted plaintiff to lieutenant, and plaintiff alleges that he used assignment to the evidence room as a form of punishment, including against plaintiff following this demotion. (Id. ¶ 21).

Baker also 1) excluded plaintiff from community events, and permitted only male majors to attend; 2) listed only male majors in operational documents for protest coverage in June 2022;

---

[1] The court infers from defendants' filings that the motion is directed against counts II and III. Defendants' motion requests dismissal of all claims against the Wake County Sheriff's Office, on grounds that it is not a suable entity. (See Mot. Dismiss (DE 16). However, the motion requests dismissal, as noted, only of "counts II and II [sic] against defendant Willie Rowe[.]" (Id.). Defendants' briefing does not engage with plaintiff's first claim, under Title VII, whatsoever. (See generally Defs' Br. (DE 17)). The court therefore infers from defendants' motion and briefing that they do not challenge plaintiff's first claim, notwithstanding the language in the conclusions of defendants' motion and supporting memorandum requesting dismissal of the complaint as a whole. (See Mot. Dismiss 2; Defs' Br. 11).

2

Case 5:24-cv-00353-FL   Document 21   Filed 03/14/25   Page 2 of 8

and 3) demoted plaintiff following a false, anonymous complaint of timesheet falsification after refusing to investigate or allow plaintiff to defend herself. (Id. ¶¶ 30–39). Baker permitted a male lieutenant accused of the same infraction to defend himself, and did not demote him. (Id. ¶ 40). Baker also carried out plaintiff's demotion publicly via an agency-wide email to embarrass plaintiff. (Id. ¶ 42).

Baker created an entirely new division and placed plaintiff there, away from the work she was accustomed to, while also decreasing plaintiff's responsibilities and assigning a male major to co-manage plaintiff's patrol division post, which the sheriff's office had never done before. (See id. ¶¶ 46–48). Baker also made plaintiff move her office to share with two subordinate officers, whereas all male majors retained their own individual offices. (Id. ¶¶ 54–55). Baker demoted plaintiff again on July 24, 2022, along with two males, though the male officers' demotions were rescinded four days afterwards. (Id. ¶¶ 58–59). Plaintiff alleges their demotions were merely to create an appearance of impartiality. (Id. ¶ 58).

Baker also threatened plaintiff with termination for not knowing whether a missing person was a veteran "within minutes of the call arriving to her," and threatened plaintiff that she would not remain employed with the sheriff's office for another three years. (Id. ¶¶ 62–63, 70). Finally, Baker demoted plaintiff a third time from major to detention officer. (Id. ¶¶ 74–75). Plaintiff has been unable to secure another law enforcement position since that time, despite her qualifications. (Id. ¶ 77).

## COURT'S DISCUSSION

A.    Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

3

Case 5:24-cv-00353-FL   Document 21   Filed 03/14/25   Page 3 of 8

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.  Analysis

Defendants assert that 1) the Wake County Sheriff's Office is not a suable entity; 2) plaintiff fails to allege conduct actionable as intentional infliction of emotional distress; and 3) her Equal Protection Clause claim is really a municipal liability claim against Wake County, and fails to set out any custom or policy as required. For the following reasons, the court agrees with defendants as to Wake County Sheriff's Office's non-susceptibility to suit, and that she cannot maintain claim for intentional infliction of emotional distress. The court disagrees, however, with defendants' arguments directed towards plaintiff's Equal Protection Clause claim.

1.  Wake County Sheriff's Office

Defendants first argue that any claim presented against the Wake County Sheriff's Office cannot succeed. Defendants are correct.

The law of the state in which a federal court sits governs the susceptibility to suit of governmental entities. Avery v. Burke Cnty., 660 F.2d 111, 113–14 (4th Cir. 1981). Under North Carolina law, sheriff's departments are not subject to suit. See Treadway v. Diez, 209 N.C. App. 152, 156–58 (2011) (Jackson, J., dissenting), rev'd for reasons stated in dissent, 365 N.C. 288, 288 (2011); Parker v. Bladen County, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008). Plaintiff concedes
4
Case 5:24-cv-00353-FL    Document 21    Filed 03/14/25    Page 4 of 8

this point in her briefing. (See Pl's Br. (DE 20) 1 n.1). Where plaintiff cannnot present claims directly against defendant Wake County Sheriff's Office, this purported defendant must be dismissed.

2.      Intentional Infliction of Emotional Distress

Defendants next argue that plaintiff does not adequately plead outrageous conduct as required to support an intentional infliction of emotional distress claim. The court agrees.

Intentional infliction of emotional distress under North Carolina law has three elements: 1) extreme and outrageous conduct by the defendant; 2) which is intended to cause and does cause; 3) severe emotional distress to another. Turner v. Thomas, 369 N.C. 419, 427 (2016). The first element is met only if a defendant's "conduct . . . 'exceeds all bounds of decency tolerated by society.'" Robinson v. Priority Auto. Huntersville, Inc., 70 F.4th 776, 784 (4th Cir. 2023) (quoting West v. King's Dep't Store, Inc., 321 N.C. 698 (1988)).

Plaintiff alleges that she was 1) demoted three times, twice publicly; 2) assigned to the evidence room as punishment; 3) excluded from community events and operational planning documents; 4) denied the chance to defend herself against an anonymous accusation; 5) assigned a co-major to her division; 6) made to share office space with subordinates; and 7) threatened with termination for "arbitrary reasons." (Compl. ¶¶ 21–77).

These allegations do not make out extreme and outrageous conduct under North Carolina law. Courts have consistently rejected claims premised on more troubling allegations, including those involving claims of sex discrimination. See, e.g., Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 773 (4th Cir. 1997) (finding insufficient under North Carolina law "insensitive, immature, and even insulting" sexual harassment); Keziah v. W.M. Brown & Son, Inc., 888 F.2d 322, 326–27 (4th Cir. 1989) (holding allegations of sex-based discrimination, and that plaintiff was

"harassed [and] humiliated" were insufficient); Hogan v. Forsyth Cnty. Country Club Co., 79 N.C. App. 483, 493–94 (1986) (supervisor "scream[ing]" at plaintiff, "interfere[ing]" with her responsibilities, and "thr[owing] menus at her" did not suffice);

Indeed, the Supreme Court of North Carolina has limited intentional infliction of emotional distress claims to the most egregious conduct, as federal courts applying North Carolina law also have done. See, e.g., Turner v. Thomas, 369 N.C. 419, 428 (2016) (finding sufficient allegations that police officers maliciously framed a plaintiff for first-degree murder); Rouse v. Duke University, 869 F. Supp. 2d 674, 681–82 (M.D.N.C. 2012) (finding sufficient allegations that a university publicly suggested a rape victim was to blame for her own rape, and underhandedly tricked that victim into withdrawing from school). Taken as true, plaintiff's allegations describe rude, unpleasant, and arbitrary workplace behavior. But they align more with the first group of cases cited above, in which allegations were found wanting, than with the second pair, in which the allegations sufficed.

Plaintiff fails to adequately allege extreme and outrageous conduct, as required to support an intentional infliction of emotional distress claim. This claim therefore must be dismissed.

3. Equal Protection Clause

Defendants contend that plaintiff's Equal Protection Clause claim must be dismissed for failure to allege a custom or practice. The parties agree that plaintiff's claims against the current sheriff of Wake County in his official capacity are really municipal liability claims against Wake County. See Sharpe v. Winterville Police Dep't, 59 F.4th 674, 678 (4th Cir. 2023); (Defs' Br. 10; Pl's Br. 12–13).[2]

---

[2] Though generally labelled a "municipal" liability claim, the legal framework governing such claims extends to counties. E.g., Walker v. Prince George's Cnty., Md., 575 F.3d 426, 431 (4th Cir. 2009) (examining merits of municipal liability claim against county).

Municipal liability claims are governed by Monell v. Dep't of Social Servs. of City of N.Y., 436 U.S. 658 (1978). Under that case and its line, a municipality is liable under § 1983 only if it follows a custom, policy, or practice by which local officials violate a plaintiff's constitutional rights. Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 402 (4th Cir. 2014). Such policy may be found in written ordinances or regulations, affirmative actions by individual policymaking officials, or by a pattern of omissions in certain circumstances. See Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999).

Defendants correctly acknowledge that the Equal Protection Clause protects public employees against gender discrimination that is not substantially related to important governmental objectives. Wilcox v. Lyons, 970 F.3d 452, 458 (4th Cir. 2020); (Defs' Br. 9–10). They therefore challenge plaintiff's § 1983 claim solely on grounds that she fails to allege any policy or practice as required for municipal liability.

Defendants argue in conclusory fashion that plaintiff fails to allege the existence of any formal or written unconstitutional policy or practice. Because plaintiff adequately alleges a pattern of action by Baker, then a policymaking official within the meaning of the municipal liability framework, plaintiff sufficiently alleges her claim under this prong.

Plaintiff alleges that Baker, then sheriff of Wake County, was the final authority over policy and personnel decisions in that office. (Compl. ¶ 3). And crucially, such an official can create an actionable custom or policy through a single decision. See Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir. 1999). Indeed, one of the foundational municipal liability cases upheld a claim involving a single decision, and stated that "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." Pembauer v. City of Cincinnati, 475 U.S. 469, 480, 484–85 (1986). Where plaintiff alleges that

Baker, then sheriff of Wake County, was a final policymaker, and that he carried out the actions recounted in the complaint as part of his official duties as sheriff, these allegations sufficiently make out a Monell claim based on policymaker decision-making. See id. In this part, defendants' motion is defeated.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (DE 16) is GRANTED IN PART and DENIED IN PART. Plaintiff's claims against the Wake County Sheriff's Office, and her intentional infliction of emotional distress claim against the remaining defendants are DISMISSED for failure to state a claim. Defendants' motion in remaining part is denied. The court's initial order regarding planning and scheduling will follow.

SO ORDERED, this the 14th day of March, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge